# EXHIBIT A

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

Delaware County

| For Prothonotary Use Only: | |
|---|---|
| Docket No: | |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
[X] Complaint [ ] Writ of Summons [ ] Petition
[ ] Transfer from Another Jurisdiction [ ] Declaration of Taking

Lead Plaintiff's Name: Eric Bazis

Lead Defendant's Name: ReWorld Prajeets, LLC

**Are money damages requested?** [X] Yes [ ] No

Dollar Amount Requested: (check one) [ ] within arbitration limits [X] outside arbitration limits

**Is this a *Class Action Suit*?** [ ] Yes [X] No

**Is this an *MDJ Appeal*?** [ ] Yes [X] No

Name of Plaintiff/Appellant's Attorney: Scott M. Pollins

[ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your ***PRIMARY CASE.*** If you are making more than one type of claim, check the one that you consider most important.

**TORT** (*do not include Mass Tort*)
[ ] Intentional
[ ] Malicious Prosecution
[ ] Motor Vehicle
[ ] Nuisance
[ ] Premises Liability
[ ] Product Liability (*does not include mass tort*)
[ ] Slander/Libel/ Defamation
[ ] Other:

**MASS TORT**
[ ] Asbestos
[ ] Tobacco
[ ] Toxic Tort - DES
[ ] Toxic Tort - Implant
[ ] Toxic Waste
[ ] Other:

**PROFESSIONAL LIABLITY**
[ ] Dental
[ ] Legal
[ ] Medical
[ ] Other Professional:

**CONTRACT** (*do not include Judgments*)
[ ] Buyer Plaintiff
[ ] Debt Collection: Credit Card
[ ] Debt Collection: Other

[ ] Employment Dispute: Discrimination
[X] Employment Dispute: Other Public Policy Wrongful Discharge

[ ] Other:

**REAL PROPERTY**
[ ] Ejectment
[ ] Eminent Domain/Condemnation
[ ] Ground Rent
[ ] Landlord/Tenant Dispute
[ ] Mortgage Foreclosure: Residential
[ ] Mortgage Foreclosure: Commercial
[ ] Partition
[ ] Quiet Title
[ ] Other:

**CIVIL APPEALS**
Administrative Agencies
[ ] Board of Assessment
[ ] Board of Elections
[ ] Dept. of Transportation
[ ] Statutory Appeal: Other

[ ] Zoning Board
[ ] Other:

**MISCELLANEOUS**
[ ] Common Law/Statutory Arbitration
[ ] Declaratory Judgment
[ ] Mandamus
[ ] Non-Domestic Relations Restraining Order
[ ] Quo Warranto
[ ] Replevin
[ ] Other:

**Pollins Law**
Scott M. Pollins (Pa. Atty. Id. No. 76334)
800 Westdale Avenu
Swarthmore, PA 19081
(610) 896-9909 (phone)/(610) 896-9910 (fax)
scott@pollinslaw.com (email)

Attorney for Plaintiff

| | |
|---|---|
| **ERIC BAZIS**<br>Plaintiff,<br>v.<br><br>**REWORLD PROJECTS, LLC**<br>and<br>**CHELSEA RICHARDSON**<br>and<br>**LARRY A. SMITH, JR.**<br>Defendants. | DELAWARE COUNTY, PA<br>COURT OF COMMON PLEAS<br><br>Civil Action No. CV-2024-005501<br><br><br><br><br><br>JURY DEMANDED |

## NOTICE TO DEFEND - CIVIL

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
Front & Lemon Streets
Media, PA 19063
(610) 566-6625

**IN THE COURT OF COMMON PLEAS**
**OF DELAWARE COUNTY, PENNSYLVANIA**

**ERIC BAZIS,**
**41 Love Lane**
**Norwood, PA 19074,**

***Plaintiff,***

**v.**

**REWORLD PROJECTS, LLC,**
**445 South Street**
**Morristown, NJ 07960,**

**Serve:**

**CT Corporation System**
**820 Bear Tavern Road**
**West Trenton, NJ 08628**

**and**

**CHELSEA RICHARDSON,**
**4607 Lanark Road**
**Center Valley, PA 18034,**

**and**

**LARRY A. SMITH, JR.,**
**610 Pleasant Drive**
**Middletown, DE 19709,**

***Defendants.***

**Case No.** CV-2024-005501

**CIVIL COMPLAINT FOR EQUITABLE**
**AND MONETARY RELIEF AND DEMAND FOR JURY TRIAL**

Plaintiff Eric Bazis, by and through counsel, brings this complaint against Defendant Reworld Projects, LLC ("Reworld"), previously doing business as Covanta Projects, LLC ("Covanta"), for retaliation in violation of the New Jersey Conscientious Employee Protection Act, N.J.S.A. § 34:19-1 *et seq*. ("CEPA"), and against Defendants Reworld, Chelsea Richardson,

and Larry A. Smith Jr. for wrongful discharge in violation of public policy under Pennsylvania common law.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action because the events described herein had primary effect within Delaware County, Pennsylvania, where the objectionable actions of Reworld that Plaintiff voiced opposition to took place and where Plaintiff's employment with Defendants was terminated.

2. This Court has subject matter jurisdiction over the New Jersey CEPA claim brought by Plaintiff because Defendant Reworld terminated Plaintiff's employment in the Commonwealth of Pennsylvania.

3. This Court has personal jurisdiction over Defendant Reworld because it conducts business and operations within Delaware County, Pennsylvania.

4. This Court has personal jurisdiction over Defendant Larry A. Smith, Jr. because he maintains sufficient contacts in Delaware County, Pennsylvania.

5. This Court has personal jurisdiction over Defendant Chelsea Richardson because she maintains sufficient contacts in Delaware County, Pennsylvania.

6. Venue is proper in this Court because Delaware County is the judicial district where the unlawful employment practices are alleged to have been carried out.

## PARTIES

7. Bazis is a resident of Norwood, Pennsylvania and worked for Covanta and its predecessors from in or about February of 1994 through on or about July 11, 2023.

8. Reworld is a Delaware limited liability corporation headquartered in New Jersey and doing business within the Commonwealth of Pennsylvania and its headquarters is located at

445 South Street, Morristown, New Jersey. On or about April 16, 2024, Covanta merged with Reworld, with Reworld being the successor corporate entity.

9. Chelsea Richardson is a resident of Center Valley, Pennsylvania.

10. Larry A. Smith, Jr. is a resident of Middletown, Delaware.

## FACTUAL ALLEGATIONS

11. Reworld is the world's largest producer of electricity via waste incineration techniques.

12. Reworld owns and operates approximately five waste incineration facilities within the Commonwealth of Pennsylvania, including its Delaware Valley plant in Chester, Pennsylvania.

13. Bazis began working for WREI as a control room operator in or about February 1994. American Ref-fuel acquired WREI in or about 1997, and Covanta acquired American Ref-fuel on or about June 1, 2005. Bazis began his employment with Covanta on or about June 1, 2005.

14. Bazis performed his duties for Covanta at its Delaware Valley plant from 2009 until it unlawfully terminated him on or about July 11, 2023.

15. Bazis served as an operations supervisor at the Delaware Valley plant, and his job duties and responsibilities included implementing Covanta's regime of policies and procedures for monitoring the plant's pollutant emission levels, including both airborne emissions that the plant released and the ash byproduct that the plant produced and sent to the Delaware County landfill.

16. Pennsylvania's Department of Environmental Protection performs an annual inspection of the Delaware Valley plant's airborne emission measurement systems at

approximately the same time each year, and the inspection is referred to as "stack testing."

17. Reworld's Delaware Valley plant is permitted to emit up to 29 parts per million of sulfur dioxide, a harmful pollutant, during operation.

18. Reworld's managers routinely instructed Bazis throughout his tenure to orchestrate the Delaware Valley plant's sulfur dioxide filtering settings to allow as close to 29 parts per million of sulfur dioxide to be emitted during operation as possible, which on several occasions resulted in emissions levels that temporarily exceeded 29 parts per million.

19. Beginning in or about 2017, Covanta directed Bazis to alter the settings of the plant's sulfur dioxide filtering systems to only permit around 7 parts per million of sulfur dioxide to be emitted during the period of time when Pennsylvania's Department of Environmental Protection performed the plant's stack testing.

20. In or about late-May 2023, around the time that the Delaware Valley's ash byproduct pH levels were beginning to approach violation levels, a member of the Covanta environmental team that is based at the company's New Jersey offices directed Bazis to alter the way that his team was measuring the pH levels of the ash byproduct.

21. Bazis believed, based upon his substantial knowledge and experience, that changing the team's measurement techniques as directed would result in false measurements of the pH level of ash byproduct that the Delaware Valley plant was sending to the Delaware County, Pennsylvania landfill.

22. On or about June 7, 2023, Bazis attended a meeting to discuss preparations for the upcoming annual stack testing because one of Bazis's supervisors who would normally attend the meeting was on leave that day.

23. The meeting attendees included Bazis, Rick Kohler (Kohler), and Larry Smith

(Smith), who is Reworld's Delaware Valley facilities manager as well as Bazis's supervisor, and a member of Reworld's environmental team based in New Jersey

24. During the meeting on June 7, 2023, Kohler, Reworld's stack testing director, instructed Bazis to set the plant's sulfur dioxide emissions levels to only allow 7 parts per million during stack testing, and in response Bazis expressed opposition to Reworld's protocol of using one set of settings while inspectors were present and another set of settings the rest of the year.

25. Bazis also reported to the meeting attendees that he had received a directive to improperly alter the way that the plant measured the pH levels of its ash byproduct to show lower emissions levels to inspectors than the plant usually emitted.

26. In response Smith immediately ended the meeting after Bazis informed the attendees of the pH measurement directive and declared that they should continue that conversation "off-line."

27. Bazis was not included in any follow-up conversation about the pH measurement techniques after he expressed opposition to the directive he received.

28. Beginning in or about 2018, at the direction of his supervisor at the time, facility manager Bill Quill, Bazis began submitting and receiving pay for hours he worked in excess of 40 hours per week by submitting those excess hours on time sheets that were submitted every two weeks.

29. From 2018 to 2023 Bazis often recorded overtime hours during periods when he was not at the plant when he would perform work at home, especially if an operational outage occurred at the Delaware Valley plant.

30. From 2018 until in or about July 2023, Bazis's supervisors were aware of his overtime recording and did not express any concerns or objections about Bazis's overtime hours

submissions.

31. During late-2022 and early-2023, the Delaware Valley plant experienced more operational outages than historically typical.

32. Bazis recorded more than his usual amount of overtime hours in late-2022 and early-2023 because of the increased number of outages and his greater than normal workload.

33. On or about July 6, 2023, at the conclusion of a team meeting, Smith commented to Bazis that, "if I were getting fired today, I'd talk to an environmental lawyer."

34. On or about the afternoon of July 6, 2023, Smith and Chelsea Richardson (Richardson), human resources director, summoned Bazis into a meeting wherein Smith and Richardson told Bazis that his overtime submissions did not make sense, threatened to call the police on Bazis, and informed Bazis that he was suspended, effective immediately.

35. On or about July 11, 2023, Bazis received a letter from Richardson notifying Bazis that he had been terminated.

36. Defendants illegally terminated Bazis by terminating his employment in retaliation for voicing opposition to the company's unethical and illegal policies and practices regarding sulfur dioxide emissions and ash byproduct pH level measurement.

37. As a result of Defendants' illegal actions, Bazis sustained mental anguish, economic damages, and damage to his reputation, and he will continue to suffer damages into the future.

**COUNT I**
**Retaliation**
**New Jersey Conscientious Employee Protection Act (CEPA)**
**N.J.S.A. § 34:19-1 *et seq.***
***Against Defendant Reworld***

38. Bazis hereby incorporates the allegations set forth in the foregoing paragraphs as

though fully alleged herein.

39. New Jersey Statutes Annotated § 34:19-1 (CEPA) provides that an employer is prohibited from taking any retaliatory action against an employee because the employee discloses to a supervisor, objects to, or refuses to participate in an activity, policy, or practice of the employer that the employee reasonably believes is in violation of a law, rule, or regulation or that the employee reasonably believes is incompatible with a clear mandate of public policy concerning the public health or protection of the environment.

40. Reworld is an "employer" as defined by Section 34:19-2 of CEPA.

41. Bazis is an "employee" as defined by Section 34:19-2 of CEPA.

42. Reworld unlawfully retaliated against Bazis after he disclosed to his supervisors and objected to a directive his team received from the company's managers in New Jersey to alter the way that they measured the pH levels of his plant's ash byproduct that was being sent to the Delaware County, Pennsylvania landfill.

43. Bazis reasonably believed that the directive he received regarding measurement of the plant's ash byproduct pH levels would result in ash byproduct being sent to the Delaware County, Pennsylvania landfill that was more harmful to the environment and public health than Reworld was disclosing to regulators because it would lead to less accurate measurement and believed that this was a violation of law, regulation, and public policy regarding public health and environmental protection.

44. Reworld unlawfully retaliated against Bazis after he disclosed to his supervisors and objected to the company's policy and practice of setting the plant's sulfur dioxide emissions to 7 parts per million when state inspectors were present for annual stack testing but routinely operating at a setting of 28 to 29 parts per million when inspectors were not present.

45. Bazis reasonably believed that Reworld's policy and practice of operating the plant at a 7 parts per million sulfur dioxide emission level cap when inspectors were present but operating at 28 to 29 parts per million cap when inspectors were not present violated law, regulation, and public policy regarding health and environmental protection.

46. As a direct and proximate result of Reworld's unlawful and retaliatory conduct, Bazis has been damaged in an amount to be determined at trial, including, but not limited to, the following: costs of litigation, attorney's fees, emotional distress, and all other forms of economic and compensatory damages.

47. Bazis sustained substantial monetary and non-monetary damages as a direct and proximate result of Reworld's unlawful retaliation.

**COUNT II**
**Pennsylvania Tort of Wrongful Discharge in Violation of Public Policy**
***Against All Defendants, Jointly and Severally***

48. Bazis re-alleges and incorporates the allegations set forth above as though fully alleged herein.

49. Pennsylvania common law precedent provides that an exception to Pennsylvania's general "at-will" employment policy exists where an employee's termination violates a clear mandate of Pennsylvania public policy.

50. Pennsylvania's legislature, by enacting 18 PA C.S.A. § 4911 (a) into law, created a clear mandate of Pennsylvania public policy that prohibits individuals from creating or submitting government records, or documents that serve as the basis for government records, that the individual knows to be false.

51. Defendants unlawfully retaliated against Bazis in violation of clearly mandated Pennsylvania public policy by terminating his employment because he objected to a directive

that would have caused him to engage in a violation of Pennsylvania criminal law 18 PA C.S.A. § 4911 (a), which stipulates that a criminal offense is committed if a person "makes, presents or uses any record, document or thing knowing it to be false, and with intent that it be taken as a genuine part of information or records referred to in paragraph (1) of this subsection," by making or submitting records of the plant's ash byproduct's pH levels that he knew would be false and that he knew would be submitted to the Pennsylvania Department of Environmental Protection and relied upon to create an official government record.

52. As a direct and proximate result of Defendants' unlawful and retaliatory conduct, Bazis has been damaged in an amount to be determined at trial, including, but not limited to, the following: costs of litigation, attorney's fees, emotional distress, and all other forms of economic and compensatory damages.

53. Bazis sustained substantial monetary and non-monetary damages as a direct and proximate result of Defendants' unlawful retaliation.

**PRAYER FOR RELIEF**

Based on the foregoing, Bazis respectfully requests that this Court award him the following relief against Defendants:

A. Back pay;

B. Reinstatement to his former position, or in the alternative, front pay;

C. Compensatory, non-economic damages, and punitive damages;

D. Equitable relief;

E. Pre-judgment interest;

F. Reasonable attorneys' fees and litigation costs;

G. Court costs; and

H. Any other such relief that the Court may deem just and equitable.

**REQUEST FOR JURY TRIAL**

Plaintiff Eric Bazis demands a trial by jury for all issues proper to be so tried.

Respectfully submitted,

Scott M. Pollins, Esq.
Pollins Law
800 Westdale Avenue
Swarthmore, PA 19081
303 W. Lancaster Avenue, Ste. 1C
Wayne, PA 19087
(610) 896-9909 (office)
(610) 896-9910 (fax)
scott@pollinslaw.com

R. Scott Oswald, Esq. (*pro hac vice to be filed*)
Austin Szabo, Esq. (*pro hac vice to be filed*)
The Employment Law Group, PC
1717 K Street NW, Suite 1110
Washington, DC 20006
(202) 261-2806
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.com
aszabo@employmentlawgroup.com
*Counsel for Plaintiff Eric Bazis*

## VERIFICATION

I, Eric Bazis, duly depose and state that I am the Plaintiff. I have read the foregoing Complaint and I state that the facts contained therein are true and correct to the best of my knowledge, information and belief. I make these statements subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.

Eric Bazis

Date: 6/14/24

FILED
06-19-2024 04:32 PM
OFFICE OF JUDICIAL SUPPORT
DELAWARE COUNTY, PA